IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROGER REDRICK,** | Civil No. 1:CV-06-2147 |
| Petitioner | JUDGE SYLVIA H. RAMBO |
| v. | |
| **ALBERTO GONZALES and JONATHAN C. MINER,** | |
| Respondents | |

### **M E M O R A N D U M**

The instant petition is filed under 28 U.S.C. § 2241. Petitioner claims that the Bureau of Prisons improperly calculated his sentence. Because Petitioner has failed to exhaust his administrative remedies for resolving his claim, the court will deny his petition.

**I.      Background**

Petitioner Roger Redrick is currently incarcerated at the United States Penitentiary at Allenwood, Pennsylvania ("USP-Allenwood"). The factual background of Petitioner's sentence was set forth in this court's Memorandum in *Redrick v. Williamson*, No. 04-2393, 2005 WL 1155041 (M.D. Pa. May 4, 2005). No new facts are alleged. In the previous case, Petitioner sought to correct the computation of his prison sentence because he believed that he should have been given credit for time spent on parole. *Id.* at *2. In this petition, again he challenges the computation of his sentence by the Bureau of Prisons ("BOP"). He alleges that the BOP illegally added eleven years to his sentence.

After receiving his petition, the court ordered service upon Respondents and the United States Attorney. Respondents filed a brief in response to the petition

on November 22, 2006.  Attached to the response was the Declaration of Adam Ackley ("Ackley Declaration").  Mr. Ackley is employed by the BOP as an Attorney Advisor at the Consolidated Legal Center.  (Ackley Decl. ¶ 1.)  Mr. Ackley searched BOP records on prisoner petitions for administrative remedies.  (*Id.* ¶¶ 2-4.)  He found that Petitioner had not filed a complaint regarding the calculation of his sentence within the administrative system.  (*Id.* ¶ 4.)

Petitioner was ordered to reply to Respondents' brief, if he so chose, within fifteen days.  Fifteen days after November 22, 2006 was December 7, 2006. Petitioner did not submit a brief to the court on or before that date, nor has he filed one since.  Accordingly, the court deems the matter ripe for disposition.

## II.     Legal Standard

Because Petitioner seeks to correct the computation of his federal prison sentence, this action was properly filed under 28 U.S.C. § 2241.  *See Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001) ("Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."); *Mitchell v. Dep't of Corr.*, 272 F. Supp. 2d 464, 476 (M.D. Pa. 2003) ("a challenge to the recalculation of a sentence [is] properly cognizable under 28 U.S.C. § 2241").  Under 28 U.S.C. § 2241(c)(3), a writ of habeas corpus may extend to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States."  Because Petitioner is proceeding pro se, the court will construe his submissions liberally in an effort to review his claims to the fullest extent permissible under federal habeas law.  *E.g.*, *Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002).

Ordinarily, a prisoner must exhaust his administrative remedies within the BOP before filing a § 2241 petition in a federal court. *Moscato v. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996); *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981). This rule serves public policy by promoting development of the factual record, conserving judicial resources, and allowing the BOP to revisit its own decision to correct any error it may have made. *Bradshaw*, 682 F.2d at 1052. Strict adherence to the exhaustion rule is inappropriate, however, when the goals of the doctrine will not be served. *Id.* For example, when facts are undisputed and the only question presented is one of statutory construction, the court may hear the case without requiring administrative exhaustion. *Id.* (citing *United States ex rel. Marerro v. Warden, Lewisburg Penitentiary*, 483 F.2d 656, 659 (3d Cir. 1973).

The system of appeals within the BOP is set forth in 28 C.F.R. §§ 542.10-542.19. The purpose of the system is to allow an inmate to "seek formal review of an issue relating to *any* aspect of [his] own confinement." § 542.10(a) (emphasis added). The first step in the process is for the inmate to seek informal resolution with the staff of the prison. § 542.13(a). If the matter is not settled, the inmate may file a formal complaint with the Warden of the prison. *Id.* If the inmate is not satisfied with the Warden's decision, he may appeal to the Regional Director, then to the General Counsel. § 542.15(a). Appeal to the General Counsel is the final administrative appeal. *Id.*

**III.       Analysis**

The instant petition must be dismissed for failure to exhaust administrative remedies.  According to the Ackley Declaration, Petitioner has not filed a complaint with the Warden of USP-Allenwood seeking redress of the alleged miscalculation of his sentence.  (Ackley Decl. ¶ 4; *Id.* Attach. A.)  He has not even begun the administrative remedy process, thus necessarily has not exhausted his appeals under the process.  The court holds Petitioner to the exhaustion requirement because he alleges that the BOP has made a mistake in calculating his sentence.  The question here is not one of statutory construction or a pure question of law for the court.  Rather, calculating prisoner sentences is a task of the BOP.  The BOP should have the opportunity to revisit its decision and correct itself, if necessary, before court intervention.

**IV.       Conclusion**

For the reasons stated above, the instant petition will be dismissed.

>       s/Sylvia H. Rambo
>       SYLVIA H. RAMBO
>       United States District Judge

Dated:  December 13, 2006.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ROGERS REDRICK,** : | Civil No. 1:CV-06-2147 |
| **Petitioner** : | **JUDGE SYLVIA H. RAMBO** |
| v. : | |
| **ALBERTO GONZALES and JONATHAN C. MINER,** : | |
| **Respondents** : | |

# **O R D E R**

Pursuant to the foregoing Memorandum of Law, **IT IS HEREBY ORDERED THAT**:

1) Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED**.

2) The Clerk of Court is instructed to close this case.

       s/Sylvia H. Rambo
       SYLVIA H. RAMBO
       United States District Judge

Dated:  December 13, 2006.